UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a Pennsylvania Company,<br><br>Plaintiff,<br><br>v.<br><br>COINSTAR, INC., a Delaware Company; REDBOX AUTOMATED RETAIL, LLC,<br><br>Defendants. | NO.<br><br>COMPLAINT FOR DECLARATORY JUDGMENT<br><br>28 U.S.C. § 2201 *et seq*. |

Plaintiff, National Union Fire Insurance Company of Pittsburgh, PA ("National Union"), by way of Complaint against Defendants, Coinstar, Inc. ("Coinstar") and Redbox Automated Retail, LLC ("Redbox"), alleges and states as follows:

**I. INTRODUCTION**

1. This is an action for declaratory relief to settle important questions concerning the Defendants' claims for reimbursement of defense and potentially indemnity costs relating to a

COMPLAINT FOR DECLARATORY JUDGMENT - 1

Andrews▪Skinner, P.S.
645 Elliott Ave. W., Ste. 350
Seattle, WA 98119
Tel: 206-223-9248 ▪ Fax: 206-623-9050

lawsuit asserted against Redbox by a purported class in a lawsuit captioned *Sterk, et al. v. Redbox Automated Retail, LLC*, U.S. District Court for the Northern District of Illinois Cause No. 11-cv-01729 ("Sterk Lawsuit").

2. Defendant Redbox has provided Plaintiff with notice of the Sterk Lawsuit and has demanded that Plaintiff defend and indemnify Redbox pursuant to two Commercial General Liability Insurance policies issued to Coinstar, Inc.

3. Plaintiff files this lawsuit in order to obtain a declaration that it has no current obligation to defend or indemnify Redbox for the claims asserted in the Sterk Lawsuit.

## II.  THE PARTIES

4. Plaintiff National Union, incorporated in Pennsylvania, is an insurance company with its principal place of business located in New York City, New York.  It is authorized to transact business and has transacted business in the State of Washington.

5. Upon information and belief, Defendant Coinstar is a Delaware corporation with its principal place of business in the State of Washington.

6. Upon information and belief, Defendant Redbox is a Delaware Limited Liability Company with its principal place of business in Chicago, Illinois, and doing business in the State of Washington.

## III.  JURISDICTION AND VENUE

7. Jurisdiction is premised on the diversity of citizenship of Plaintiff and Defendants pursuant to 28 U.S.C § 1332.  The amount in controversy, exclusive of interests and costs, exceeds $75,000.

## IV. GENERAL ALLEGATIONS

8. Plaintiff issued Commercial General Liability Insurance Policy Number 457-30-37 to Coinstar, Inc., which was in effect from September 1, 2009 to September 1, 2010.

9. Plaintiff issued Commercial General Liability Insurance Policy Number 457-32-92 to Coinstar, Inc., which was in effect from September 1, 2010 to September 1, 2011. (National Union Policy nos. 457-30-37 and 457-32-92 are hereby collectively referred to as "National Union policies.")

10. On or about December 30, 2011, Defendant Redbox was sued in U.S. District Court for the Northern District of Illinois, Eastern Division in the matter captioned *Sterk, et al. v. Redbox Automated Retail, LLC*, which was filed under Cause No. 11-cv-01729. The Complaint included allegations that Redbox violated the Video Privacy Protection Act, 18 U.S.C. § 2710.

11. Defendant Redbox subsequently tendered the Sterk Lawsuit to National Union for defense and indemnity under the National Union policies issued to Defendant Coinstar.

12. Defendant National Union agreed to defend Redbox subject to a full reservation of rights.

## V. CLAIM FOR DECLARATORY RELIEF

13. The allegations in paragraphs 1 through 12 are incorporated by reference as if fully set forth herein.

14. An actual controversy exists between National Union and Defendants Coinstar and Redbox, regarding whether Redbox is entitled to coverage for defense and indemnity under the National Union policies with respect to the Sterk Lawsuit.

15. A declaratory judgment will terminate the controversy and remove uncertainty

COMPLAINT FOR DECLARATORY JUDGMENT - 3

Andrews▪Skinner, P.S.
645 Elliott Ave. W., Ste. 350
Seattle, WA 98119
Tel: 206-223-9248 ▪ Fax: 206-623-9050

regarding the rights and duties of the parties under the National Union policies with respect to the Sterk Lawsuit.

  **A.**  **Coverage Under National Union Policies**

  16.  The allegations in paragraphs 1 through 15 are incorporated by reference as if fully set forth herein.

  17.  The National Union policy terms that do or may preclude a duty to defend and indemnify Redbox in the Sterk Lawsuit, and that do or may preclude a duty to defend and indemnify and otherwise preclude any further obligation to Redbox by National Union with respect to the Sterk Lawsuit plaintiffs' claims include, but are not limited to:

    a.  The insuring agreements in the National Union policies' general liability coverage form provide:

> SECTION I – COVERAGES
>
> COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY
>
> 1.  Insuring Agreement
>
> a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:
> (1)  The amount we will pay for damages is limited as described in Section III - Limits Of Insurance; and

        (2)    Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

    No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages A and B.

  b.    This insurance applies to "bodily injury" and "property damage" only if:
        (1)    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
        (2)    The "bodily injury" or "property damage" occurs during the policy period; and
        (3)    Prior to the policy period, no insured listed under Paragraph 1. of Section II - Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY

1.    Insuring Agreement

a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking

COMPLAINT FOR DECLARATORY JUDGMENT - 5

Andrews▪Skinner, P.S.
645 Elliott Ave. W., Ste. 350
Seattle, WA 98119
Tel: 206-223-9248 ▪ Fax: 206-623-9050

> those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:
> (1) The amount we will pay for damages is limited as described in Section III — Limits Of Insurance; and
> (2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.
>
> No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments — Coverages A and B.
>
> b. This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

b. There is no coverage under the National Union policies for the claims asserted in the Sterk Lawsuit because there was no "bodily injury" or "property damage" caused by an "occurrence."

c. There is no coverage under the National Union policies for the claims asserted in the Sterk Lawsuit because there was no "personal and advertising injury" caused by an "occurrence".

d. There also is no coverage for the claims asserted in the Sterk Lawsuit because certain exclusions apply. These exclusions include, but are not limited to what is listed here:

COMPLAINT FOR DECLARATORY JUDGMENT - 6

Andrews▪Skinner, P.S.
645 Elliott Ave. W., Ste. 350
Seattle, WA 98119
Tel: 206-223-9248 ▪ Fax: 206-623-9050

      2.      Exclusions

      This insurance does not apply to:

      a.      Knowing Violation Of Rights Of Another

      "Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

      c.      Material Published Prior To Policy Period

      "Personal and advertising injury" arising out of oral or written publication of material whose first publication took place before the beginning of the policy period.

      p.      Distribution of Material In Violation Of Statutes

      This insurance does not apply to any loss, injury, damage, claim, suit, cost or expense arising out of or resulting from, caused directly or indirectly, in whole or in part by, any act that violates any statute, ordinance or regulation of any federal, state or local government, including any amendment of or addition to such laws, that addresses or applies to the sending, transmitting or communicating of any material or information, by any means whatsoever.

**B.  Deductible Amount**

18.    The allegations in paragraphs 1 through 17 are incorporated by reference as if fully set forth herein.

19.    The National Union policies both contain Washington Deductible Coverage Endorsement - Form A, which provides in pertinent part:

      I.      Payment and Deductible Conditions

    A.    We will pay all sums that we become obligated to pay up to our Limit of Insurance under the policy to which this endorsement applies. Our Limit of Insurance includes, and shall not apply in addition to, any sum that you must reimburse us for damages, benefits or Medical Payments we have paid.

    B.    You must reimburse us up to the Deductible Limit(s) shown in the Schedule for any amounts we have so paid as damages, benefits or Medical Payments. The Deductible will apply to each "occurrence", "accident", offense, claim or other basis as shown in the Schedule, regardless of the number of persons or organizations who sustain damages because of an "occurrence" or "accident" or offense or other basis shown in the Schedule.

    C.    In addition, you must reimburse us for all "Allocated Loss Adjustment Expense" we pay as Supplementary Payments, according to the election indicated by an "X" below. If no election is indicated, election i. applies.

    X    i. All "Allocated Loss Adjustment Expense" up to the deductible limit. However, the most you must reimburse us for damages, benefits, Medical Payments and "Allocated Loss Adjustment Expense" combined shall not exceed the deductible amount.

Your obligation to reimburse us for "Allocated Loss Adjustment Expense" applies separately to "each occurrence" for bodily injury or property damage, each "accident" for bodily injury or property damage, to each offense for personal injury or advertising injury, to "each claim" for professional liability or employee benefits administration liability, or to each other basis shown in the Schedule.

II.    Additional Conditions
    A.    Duty to Reimburse
        1.    You must reimburse us in accordance with this endorsement for any payment we make

COMPLAINT FOR DECLARATORY JUDGMENT - 8

Andrews▪Skinner, P.S.
645 Elliott Ave. W., Ste. 350
Seattle, WA 98119
Tel: 206-223-9248 ▪ Fax: 206-623-9050

in good faith on behalf of any person or organization insured under any policy to which this endorsement applies.
2. Reimbursement is due and payable within fifteen (15) days of your receipt of an invoice for such reimbursement from us.
3. Each Named Insured is jointly and severally liable for all reimbursable amounts under this policy.

Part 2. COVERAGES TO WHICH DEDUCTIBLE APPLIES

This Part 2A. applies to all coverages OTHER THAN Business Auto, Garage, Truckers or Motor Carriers Auto Insurance.

The Deductible Amount of   $25,000 applies on a combined basis to all coverages selected by "X" in the table below, except for such coverages (if any) for which a separate Deductible is shown below.

| Selected | Coverage | Deductible Amount | Per Occurrence | Per Claim |
|---|---|---|---|---|
| [X] | Bodily Injury - Other than Products or Completed Operations | $25,000 | [X] | ☐ |
| [X] | Property Damage - Other than Products or Completed Operations. | $25,000 | [X] | ☐ |
| [X] | Bodily Injury - Products or Completed Operations Only | $25,000 | [X] | ☐ |
| [X] | Property Damage - Products or Completed Operations Only | $25,000 | [X] | ☐ |

| | | | | |
|---|---|---|---|---|
| [X] | Personal Injury | $25,000 | Each person or organization | |
| [X] | Advertising Injury | $25,000 | Each person or organization | |
| ☐ | Employee Benefit Liability | | N/A | ☐ |
| ☐ | All Other | | ☐ | ☐ |

20. In the event it is determined that there is coverage under Coverage Part B for the Sterk Lawsuit under one or both of the National Union policies, which is expressly denied by

COMPLAINT FOR DECLARATORY JUDGMENT - 9

Andrews▪Skinner, P.S.
645 Elliott Ave. W., Ste. 350
Seattle, WA 98119
Tel: 206-223-9248 ▪ Fax: 206-623-9050

Plaintiff National Union, the Washington Deductible Coverage Endorsement - Form A imposes a $25,000 per person deductible for coverage for personal injury and advertising injury.

21. The Sterk Lawsuit has been filed as a class action. In the event a class is certified, Redbox would be obligated to pay a deductible of $25,000 per class member.

22. To the extent National Union has made payments in good faith on behalf of Redbox in the Sterk Lawsuit, Redbox would be obligated to reimburse National Union up to $25,000 per person.

## VI.  RELIEF REQUESTED

Plaintiff National Union respectfully requests that the court grant the following relief:

1. Pursuant to 28 U.S.C. § 2201, for a declaratory judgment that National Union has no duty to defend or indemnify Redbox for the Sterk Lawsuit under the National Union policies;

2. In the alternative, in the event it is determined that one or both National Union policy provides coverage for the Sterk Lawsuit, pursuant to 28 U.S.C. § 2201, for a declaratory judgment that Redbox is obligated to pay a deductible of $25,000 per class member;

3. For reimbursement of up to $25,000 per person, which would include each member of the putative class, for payments made by National Union on behalf of Redbox in the Sterk Lawsuit;

4. For attorney's fees, costs, and disbursements herein; and

5. Award National Union such other and further relief as this Court may deem proper.

///

///

///

COMPLAINT FOR DECLARATORY JUDGMENT - 10

Andrews▪Skinner, P.S.
645 Elliott Ave. W., Ste. 350
Seattle, WA 98119
Tel: 206-223-9248 ▪ Fax: 206-623-9050

DATED this 12th day of June, 2013.

                    ANDREWS ▪ SKINNER, P.S.

By: /s/*Stephen G. Skinner*
STEPHEN G. SKINNER, WSBA #17317
Email: Stephen.Skinner@andrews-skinner.com
A N D R E W S ▪ S K I N N E R ,  P. S .
645 Elliott Ave. W., Ste. 350
Seattle, WA 98119
Tel: 206-223-9248 ▪ Fax: 206-623-9050
Attorney for Plaintiff National Union Fire Insurance Company of Pittsburgh, PA

COMPLAINT FOR DECLARATORY JUDGMENT - 11

A n d r e w s ▪ S k i n n e r, P. S .
645 Elliott Ave. W., Ste. 350
Seattle, WA 98119
Tel: 206-223-9248 ▪ Fax: 206-623-9050

**CERTIFICATE OF SERVICE**

  I hereby certify that on June 12, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

               ANDREWS ▪ SKINNER, P.S.

               By: /s/*Stephen G. Skinner*
               STEPHEN G. SKINNER, WSBA #17317
               Email: Stephen.Skinner@andrews-skinner.com
               A N D R E W S ▪ S K I N N E R ,  P . S .
               645 Elliott Ave. W., Ste. 350
               Seattle, WA 98119
               Tel: 206-223-9248 ▪ Fax: 206-623-9050
               Attorney for Plaintiff National Union Fire Insurance Company of Pittsburgh, PA

COMPLAINT FOR DECLARATORY JUDGMENT - 12

A n d r e w s ▪ S k i n n e r, P.S.
645 Elliott Ave. W., Ste. 350
Seattle, WA 98119
Tel: 206-223-9248 ▪ Fax: 206-623-9050